IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | INDICTMENT NO. 22-CR-00041 |
| vs. ) | |
| ) | |
| KEYSHAWN OMAR COOPER, ) | |
|     Defendant ) | |

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE**

COMES NOW, Defendant Keyshawn Omar Cooper, by and through his undersigned counsel of record, and submits this Sentencing Memorandum and Motion for Downward Departure to the Court in advance of his sentencing hearing scheduled for September 6, 2023.

Factual Matters Not Included in Presentence Report

Keyshawn Cooper is a 21-year-old black male who was 18 years of age at the time of his offenses. Although he earned a diploma from Burke County High School, he was in special education classes throughout high school after being diagnosed with a learning disability. In 2019, shortly before the commission of this crime, Cooper was evaluated by the Burke County School System. Pursuant to that evaluation, an assessment of his Cognitive Ability determined he possessed a "very low range of functioning" and that he was in the 13th percentile compared to others his age, "which suggest his reasoning and problem-solving abilities are equivalent to an individual who is 8 years, 9 months old." As to his Math and Problem-Solving ability, he was found to "struggle with basic addition and subtraction and was unable to understand what was being asked of him from word problems."

Cooper submitted to a Forensic Evaluation by the Federal Bureau of Prisons, and a resulting report was prepared by Clinical and Forensic Psychologist T. Smith, Psy.D. (R-51). In that report, Cooper's intellectual functioning was found to be in the "Extremely Low" range, and below that of

similarly aged peers. (R-51, p. 8). He was found to demonstrate "normative weaknesses in all measured areas of intellectual functioning" and to have overall abilities which fall "significantly below the average range compared to same-aged peers." (R-51, p. 9).

Motion For Downward Departure

1. <u>Cooper's mental and emotional condition mitigates his culpability</u>.

Cooper's guidelines sentencing range would be Life Imprisonment were it not for a statutory limitation of 360 months. As indicated in Guidelines §5K2.0(b), he Court is authorized pursuant to 18 U.S.C. §3553(b)(2)(A)(i) to depart below that range if it finds there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. §3553(a)(2), should result in a sentence different from that described. Pursuant to 28 U.S.C. §994(d)(4), it is proper for the Court to consider "the existence of mental and emotional condition to the extent that such condition mitigates the defendant's culpability or to the extent that such condition is otherwise plainly relevant" in determining a proper sentence.

Cooper was merely 18 years old when he committed these offenses, but significantly, his mental abilities were that of an even younger person. It is clear from his mental history that he was unusually ill-equipped to fully appreciate the gravity of his activities, and that he should not be treated the same as if he were a fully developed adult.

2. <u>Cooper was never in the physical presence of any of his victims.</u>

Cooper's crimes have subjected him to some of the harshest statutory and guidelines punishments possible. His activities, however, differ in important ways with others under these statutes. It is significant that he was never in the physical presence of his victims. Had Cooper been so present, the fear would exist that actual physical abuse had occurred and thus the crime would

have an extra layer of severity. Because it is clear "MF" was always several states away from Cooper, and there is likewise no evidence either "KC" or "JC" were in Cooper's presence when illegal activity occurred, Cooper's crimes can be considered not as horrific as what would typically be charged under the Production of Child Pornography statute. Unlike most other cases brought pursuant to this statute, this Court does not have to merely hope that physical abuse did not take place, but rather can be satisfied such did not occur. This unique aspect of Cooper's case is another mitigating factor which supports a downward departure.

   3.  <u>Cooper did not forward any of the produced materials to others</u>.

The Cooper did not forward these materials to others is similarly a factor which is mitigating in nature. An essential element of his crime is that the visual depiction is transmitted in interstate commerce. Unlike surely most cases brought under this statute, in Cooper's case the produced material was only transmitted to him, and to no one else. This is another critical element of his case which would additionally warrant consideration for a downward departure. If even one other person viewed this content it would be a more serious offense, and once materials are shared there is no way to know how many others will view the images; it can realistically be in the thousands if not tens of thousands. Again, this case has unique characteristics which should give the Court less fear of the unknown.

<u>Conclusion</u>

For the reasons stated herein, Keyshawn Omar Cooper requests this Court sentence him to a length of imprisonment significantly below his prescribed guidelines range. Cooper submits that a sentence of a duration at the statutory minimum (180 months) would be sufficient but not greater than necessary to comply with the factors set out in 18 U.S.C. 3553(a)(2), and he asks the Court to sentence him accordingly.

Respectfully submitted this 5th day of September, 2023.

/s/ *J. Pete Theodocion*

_____
J. Pete Theodocion
Attorney for Defendant

J. PETE THEODOCION, P.C.
507 Walker Street
Augusta, Georgia 30901
(706) 722-3000
Georgia State Bar No. 703999

## CERTIFICATE OF SERVICE

I hereby certify that on September, 5, 2023, I electronically filed the foregoing **SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all interested persons.

/s/ *J. Pete Theodocion*

_____

J. Pete Theodocion
Attorney for Defendant

J. PETE THEODOCION, P.C.
507 WALKER STREET
AUGUSTA, GA 30901
(706) 722-3000